IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 2:08cr124-WHA |
| | ) | |
| ROBERT KEITH COFFEE | ) | (WO) |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This case is before the court on the Defendant's Motion for New Trial (Doc. # 69) filed on February 18, 2009.

The Defendant, Robert Keith Coffee, was indicted on the charge of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) on May 29, 2008.  Following Coffee's Oral Motion to Appoint Counsel, the Federal Defender was appointed to represent Coffee, and on August 19, 2008, Assistant Federal Defender Alyia McKee filed her Notice of Appearance. On September 12, 2008, Ellis Bingham, hired by the Defendant's family, filed his Notice of Appearance, and on September 15, 2008, McKee filed a motion to withdraw as counsel for Coffee.  McKee's Motion to Withdraw was granted on the same day.  Bingham served as trial counsel for the Defendant.

Following a two day trial, Coffee was convicted on December 3, 2008.  On December 9, 2008, Bingham filed Coffee's original Motion for New Trial, raising sufficiency of the evidence issues.  The court denied the motion on December 24, 2008.

On February 3, 2009, Coffee's current attorney, Susan James, entered her Notice of Appearance.  Bingham subsequently filed a motion to withdraw as counsel for Coffee, which was

granted on February 5, 2009.

James, on behalf of Coffee, filed the Motion for New Trial Supplement on February 18, 2009.  The motion raises the ineffectiveness of Bingham as grounds for a new trial.  The Government has filed a Response to the motion, and the court having carefully considered both the Defendant's Motion and the Government's Response, concludes that the Motion for New Trial is due to be denied.

## II.  STANDARD OF REVIEW

An ineffective assistance of counsel claim is considered under the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   First, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.*  In order to do so, the defendant must overcome the strong presumption that counsel's performance was within the range of reasonable professional assistance.  *Id.* at 689.  Second, "the defendant must show that there is a reasonable chance that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## III.  DISCUSSION

The motion raises the following as evidence of Bingham's ineffective assistance:

1. Bingham's two motions for discovery were denied due to failure to confer with opposing counsel prior to filing discovery motions, and failure to attach a certified statement of the moving party's good faith efforts to resolve the discovery issue.

2. Bingham's Motion to Suppress Due to Staleness, Motion to Suppress Warrant for Insufficient Probable Cause and Lack of Particularity, and Motion to Suppress Confession and Consent to Search and Any Evidence Arising Thereon were denied on the basis of untimeliness

and failure to support its conclusory statements. Bingham did not seek leave of the court to file the suppression motions out of time.

      3.  During Bingham's representation of Coffee, Bingham was not a member in good standing of the Middle District of Alabama Bar due to his failure to pay fees.

      The Defendant has failed to demonstrate that he was prejudiced by Bingham's alleged errors, and that "there is a reasonable chance that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  First, with respect to the discovery motions, Coffee has not indicated with any particularity the evidence he was seeking, and has not argued that the evidence would have changed the outcome at trial.

      As to the suppression motions, Coffee argues that the admission of the confession was prejudicial, caused the jury to not believe Coffee's testimony at trial, and resulted in an offense level enhancement for obstruction of justice in the pre-sentencing report.  Coffee fails, however, to assert any reason to believe that, had the suppression motions been timely filed, there was a likelihood that the motions would have been granted.  As mentioned above, the untimely motions lacked any legal argument, and without more than the conclusory statements made in those motions, the court cannot conclude that but for Bingham's failure to timely file these motions, the confession would have been deemed inadmissible, and Coffee would have prevailed at trial.  Furthermore, the evidence presented at trial satisfies this court that there would have been no meritorious basis for suppressing the confession.

      With respect to Bingham's failure to pay the fees necessary to maintain his status as a member in good standing of the Middle District of Alabama Bar, the court concludes that this is neither independently nor cumulatively sufficient to support a new trial based on ineffective assistance of counsel.  As the Defendant acknowledges in the Motion for New Trial, an

attorney's failure to pay bar fees generally does not make counsel per se ineffective. *See United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003) (holding that counsel was not per se ineffective where he was disbarred prior to the start of trial). Thus, in order to prevail on an ineffective assistance claim based on counsel's bar standing, the Defendant must satisfy the two-prong test announced in *Strickland*. *Id.* The Defendant does not argue that he was directly prejudiced by Bingham's failure to pay his bar dues, but, instead, argues that the errors discussed above were prejudicial, and that those errors taken with Bingham's bar status entitle the Defendant to a new trial. Therefore, because the court does not find that the Defendant was prejudiced by Bingham's errors, Bingham's failure to pay his bar fees, even taken in light of the Defendant's other allegations, fails to entitle him to a new trial. After all, the court allowed Bingham to represent the Defendant who had hired him, despite the status of newly instituted renewal fees. Accordingly, the Motion for New Trial, including all alternative requested relief, is due to be denied.

## IV.  CONCLUSION

For the reasons stated above, the Defendant's Motion for New Trial Supplement (Doc. # 69) is due to be and is hereby ORDERED DENIED.

DONE this 8th day of May, 2009.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE